IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERICA D. TAYLOR,          )<br>                                       )<br>        Plaintiff,              )<br>                                       )<br>    v.                              )<br>                                       )<br> U.S. CUSTOMS AND BORDER )<br> PROTECTION,            )<br>                                       )<br>        Defendant.         )<br>                                       ) | CIVIL ACTION NO. 5:14-CV-286 (MTT) |

## ORDER

In this case, the Plaintiff has sued the U.S. Customs and Border Protection alleging use of excessive force and false arrest.  (Doc. 1).  This Court entered an Order on December 5, 2014, instructing the Plaintiff to advise the Court, no later than December 22, 2014, as to the status of her efforts to serve the Defendant, and to show cause why her case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve the Defendant.  (Doc. 6).  On December 17, 2014, the Plaintiff responded with a letter that she served the Defendant by first class mail on October 31, 2014, but did not specify the contents of what was served on the Defendant.  (Doc. 7).  In other words, there was still no evidence in the record of service on the Defendant.  This is not the proper method of service pursuant to Rule 4(i), which requires a plaintiff serving an agency of the United States to deliver a copy of the summons and complaint to both the United States attorney in the district where the action is brought and to the Attorney General, in addition to serving the agency.  Fed. R. Civ. P. 4(i)(1)-(2).  Instead of dismissing the complaint for insufficient service of process, the Court advised the

Plaintiff that her complaint would be dismissed if she did not perfect service within 21 days.  The Plaintiff responded in a nearly identical fashion as she did to the Court's initial order.  (Doc. 9).  She simply specified that "[t]wo copies of Notice of Lawsuit and two copies of waiver of summons" were sent to the Defendant but did not indicate that she complied with Rule 4 and did not explain her failure to do so.

Pursuant to Rule 4(m), the Court, after notice to the plaintiff, must dismiss the action without prejudice if the defendant is not served within 120 days after the complaint is filed, unless the plaintiff shows good cause for the failure, or the Court, in its discretion, extends the time for service without a showing of good cause.  Fed. R. Civ. P. 4(m).

The Plaintiff, having failed to explain why she has not properly served the Defendant, has made no showing of good cause.  Further, the Court finds no other circumstances warrant an extension of time.  Accordingly, the Plaintiff's complaint is **DISMISSED without prejudice**.

**SO ORDERED**, this 6th day of April, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT
